Number 162465 United States v. Todd Rasberry Thanks Good morning You may proceed May it please the court, Chief Justice, I'm Joshua Gordon, I represent the defendant Todd Rasberry The issue here is plain feel Agent Wolfe and his pack of four came in, guns drawn, handcuffed Rasberry, dispelled danger within a couple of seconds and found essentially nothing Wolfe then figures that drugs must be on Rasberry, does another pat down, feels a lump in his pants, arrests and then search incident to it Wolfe did not say he felt a weapon or contraband in Rasberry's shorts, however He said what he felt was, quote, consistent with cocaine or heroin, something that's in a relatively powdered form, unquote One of the internal baggies in fact contained quinine, an unregulated substance, and he could have felt that one More likely he couldn't discern anything through layers of But when you're trying to discern something by sense of touch, everything depends on context And we're in the context of an investigation of a suspected drug dealer where a recipient witness has told them earlier that day That this man has drugs in his possession and they know the drugs are not in the room because they've already searched the room So that when he feels this object which is consistent with cocaine or heroin in a very unlikely place on the defendant's person It doesn't become certain that it's drugs, but it certainly becomes a reasonable probability that it is drugs Especially when the district court as the fact finder accepts the officer's testimony as true Well, it's essentially the government's position that even if the unlawful nature of the object was not immediately apparent Well, it was apparent to the officer Well, he felt that it was probable Well, he felt it was probable, but Dickerson We're in a probable cause analysis here I'm not sure we are. Minnesota v. Dickerson requires that the sensory feeling alone make one know right away that this object is either a weapons or a contraband But that kind of rule applies only when the only thing the officer has as an indication of what he's feeling is the feel itself And as Judge Selyer is saying, this does not turn, frankly, as far as I can see, it does not turn on the exclusive evidence of the feel It turns on a probable cause analysis, as Judge Selyer said, that he feels something that doesn't belong down there It is consistent with drugs He has been told by the witness who gave permission to search the room that the defendant did have drugs So it seems to me that at the point at which he feels what's there, he has obtained probable cause or at least reasonable suspicion under Terry to go one step further But I think at that point he has probable cause and it's not a plain feel case at all Well, I beg to differ, Your Honor. Minnesota v. Dickerson, there was plenty of other evidence The man comes out of a known crack house and acts furtive when the cops see him And then when they do the plain feel, the issue is whether it's immediately apparent or not And the Supreme Court held in Dickerson, quote, if the object's incriminating character is not immediately apparent, the plain view doctrine cannot justify its seizure And to see this as a probable cause case would just circumvent Dickerson In Dickerson, was there evidence to the effect given to the police by some third party that when this individual came out of the crack house, he was going to be himself in control of crack? Well, no, of course not And that's why in Dickerson, the only thing that counted was the feel Whereas here, there is further evidence that in this time and in this place, the individual had control of drugs I'm not disputing that the unlikely object in the man's pants may have made the officer think that there's drugs there But Dickerson's quite clear that the feel has to be immediately apparent, that the sensory understanding has to be immediate And the officer here did not testify that he immediately knew that it was drugs So Dickerson overruled all the other Supreme Court case law that says when the officer is assessing whether he has reasonable suspicion or probable cause, he can take all of the facts into account? What case do you have that says that? Well, I don't think that, if I understand your question, that Dickerson The implication of your argument is that there is an implicit overruling of a lot of Supreme Court case law that says the officer can take into account all of the facts known to him or actually in some instances known to the police But not in plain field, it has to be immediately apparent What you're getting at, you're saying that the plain field doctrine implicitly overrules other cases And I am asking you what case says that? You say that, but what case says that? Well, there's been no case to my knowledge since Dickerson that rules on plain field, but I think Dickerson is quite No, but there are a number of cases about reasonable suspicion and probable cause Yes And do any of them say that we make an exception for plain field cases? No, Your Honor, but I think Dickerson says that But I also want to point out that Wolf says he felt heroin through these baggies is just implausible from a factual point of view There's five or six layers of balled up plastic and cloth, it's as big as a tennis ball or a softball The baggies inside have been tied in knots and there was heroin powder somewhere deep inside And what did the district court find on that point? The district court found that he discerned it, but I think that is not So you say that's clear error in the factual finding? It's a clear error in the factual finding and it's a misstatement of the officer's own testimony He did not say it was immediately apparent to him that there was contraband in the man's pants He said it was consistent with something like powder So the court misstated Mr. Wolf's testimony How likely is it he had baking powder down there? He did have quinine down there He also had drugs? Perhaps Wolf was feeling the quinine bag, but we don't know that And we can't know that because it was not immediately apparent to the officer This reliance on immediately apparent, it seems to me confuses what type of case this is The Plainfield Doctrine is developed as an analog to the Plainview Doctrine But Plainfield and Plainview, although they can be separate and distinct bases for a seizure or a surge Are different from what's happening in this case where the grounds for the finding of probable cause And thus the ensuing search isn't Plainfield at all It's the totality of the circumstances The feeling of the foreign object in the crotch is one of those circumstances But the government never based its claim as it did in Dickerson on Plainfield It didn't base it as it does in a Plainview case On the fact that the officer, regardless of anything else, comes in and sees something that's obviously criminal Or obviously incriminating lying on a table in plain sight This is a totality of the circumstances case, isn't it? Well, it can be a totality of the circumstances case But I think the Supreme Court in Dickerson made the Plainfield Doctrine so subservient to that It said that unless it's immediately apparent, the Plainview Doctrine cannot justify a seizure But the Supreme Court didn't argue totality of the circumstances in that case But they're arguing it here They're arguing it here And my response to that is that that feel, which is implausible at best It cannot be taken into account Because the officer, it could have been a wallet It could have been the quinine in his crotch And there's no way of knowing right away that that was a weapon or contraband Thank you, Your Honor Thank you Good morning, Your Honors May it please the Court, Benjamin Block on behalf of the United States I think that Your Honors are correct that this is a search incident to arrest This is a probable cause case more so than a Plainfield case So why did the District Court discuss Plainfield? Well, the government made alternative arguments below One of which was a probable cause determination And that's supported by the record Not only the facts that have already been mentioned But it also bears noting that when the object was first felt by the agent Mr. Raspberry lied to the officer about what it was Claiming that it was part of his anatomy That is yet another fact So like Justice Souter, I think the probable cause analysis by the District Court is pretty sound But what is the government doing making a Plainfield argument in this case? Well, I think a Plainfield argument is supportable based on the testimony The officer's testimony was that immediately upon feeling the object Based on his 20 years of training and experience That it was consistent with a powdered substance And in his experience that that location is one in which drug dealers often secrete contraband And so I think that the object's incriminating nature was immediately apparent to the officer And that's supported by his testimony And indeed that was the finding of the District Court So we can disregard the testimony of his mule that there were drugs in the room He was in possession of the room of the drugs We can disregard the fact that they found no drugs in the room Therefore it was likely to be on his person And we can disregard the fact that only part of what the officer felt was drugs And a firmness on Plainview Is the government seriously contending that? Yes, Your Honor, I think that the court does not need to Yes, we don't need to But perhaps the government needs to rethink what it means by the Plainview Doctrine Well, again, the District Court credited the testimony of the officer And found that based on the officer's testimony It was immediately apparent to the officer that this was contraband And that it had an incriminating nature And that's what's required by the proceeding It was immediately obvious to him in the court's view Because among other things, as I understand it His experience in narcotics And the particular facts of this case Which explained how they happened to be in the room in the first place Aren't those two general factors Crucial to the District Court's conclusion that Plainview applied? Yes, I certainly think that Well, doesn't that take us then beyond Plainview? Doesn't that take us into the field of reasonable suspicion and probable cause? It very well could I think this is a case in which the doctrines overlap It did, and the District Court so found You know, can I just make a point? I've been seeing more and more cases Where the government is making errors in the District Court And inviting the District Court judges to make errors And this may be I'm not going to give an opinion on this But this may be another instance of that And I do think the prosecution needs to be careful About what theories it chooses to pursue And equally, it needs to be very careful About what theories it chooses not to pursue But a lot of the work that we get up here Has to do with choices that the government has made at the District Court Some of which are unnecessary And this may be one of those cases And you come up on appeal and you pursue this argument Even having heard the misgivings of the judges of this court Yes, Your Honor, and I certainly take your point But I also think that it is not an egregious argument on the government's part Whether it's egregious or not, Mr. Bloom When the government has a strong, easily defensible argument Like probable cause And a somewhat exotic and speculative argument Like plain feel One might plainly feel that the government would be better off Sticking to the former and ignoring the latter Understood, Your Honor And certainly our first and primary argument Is that it is a probable cause determination that was properly made And the lower court's decision was not clearly erroneous In crediting the officer's testimony regarding the totality of the circumstances That led to the arrest and the seizure Unless the court has any other questions You're lucky that Judge Salyer's characteristically precise use of words Was delivered orally and not in an opinion Thank you, Your Honor Okay, thank you both Thank you